UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LAWTON S. HIGH,

                Plaintiff,

-against-

KATHLEEN M. RICE (DA), MICHELE
LEWISOHN (ADA), JUSTICE WILLIAM C.
DONNINO,

                Defendants.
------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
12-CV-2887 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 0 1 2012   ★

LONG ISLAND OFFICE

I.    Introduction

On June 7, 2012, *pro se* plaintiff Lawton S. High ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Kathleen M. Rice ("Rice"), the Nassau County District Attorney; Michele Lewisohn, Assistant District Attorney ("Lewisohn"); and Justice William C. Donnino ("Judge Donnino"), Justice of the Supreme Court of the State of New York, Nassau County, accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

II.    The Complaint

In his complaint, plaintiff alleges that on June 6, 2011, he was arrested and charged with

1

the crimes of burglary in the second degree and burglary in the third degree; that he has "submitted several motions [in the criminal proceeding against him] which were to be held and never are," (Compl., ¶ IV); that Judge Donnino and Lewisohn are "conspiring to cover up [him] being falsley [sic] arrested and indicted for a crime that never took place," (id.); and that Rice knows of the alleged coverup, all in violation of his rights under the Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. (Id.) Plaintiff claims that he has suffered "mental anguish and abuse" and that he "no longer ha[s] the will to live," (Compl., ¶ IV.A), and seeks monetary damages in the amount of one hundred million dollars ($100,000,000.00), (Compl., ¶ V).

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-

2

pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010), cert. denied, 131 S. Ct. 901, 178 L. Ed. 2d 803 (2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

C.  Immunity

1. Prosecutorial Immunity

Plaintiff's claims seeking damages as against Rice and Lewisohn are dismissed in their entirety with prejudice because those defendants are entitled to absolute prosecutorial immunity from such claims. The Second Circuit has held that:

> "Absolute immunity affords 'complete protection from suit,' Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' Imbler v. Pachtman, 424 U.S. 409, 424-25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The doctrine's nature 'is such that it "accords protection from ... any judicial scrutiny of the motive for and reasonableness of official action,"' Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir.2005) (quoting Robinson v. Via, 821 F.2d 913, 918 (2d

4

> Cir.1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir.2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985))."

In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. See Imbler, 424 U.S. at 430, 96 S. Ct. 984; Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, see, e.g. Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 861-2, 172 L.Ed.2d 706 (2009); see also Warney v. Monroe County, 587 F.3d 113 (2009) ("a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.")

Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. * * * Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." Parkinson, 238 F.3d at 150 (internal quotations and citations omitted); see also Shmueli, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiff does not allege that the challenged actions of Rice and Lewisohn were undertaken in the complete absence of all jurisdiction, and all of plaintiff's claims against those

5

defendants seek damages based upon conduct involving, or relating to, the initiation and prosecution of a criminal action against plaintiff, Rice and Lewisohn are entitled to absolute immunity from all of plaintiff's claims against them. Accordingly, the complaint is dismissed in its entirety as against Rice and Lewisohn pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)(b).

2. Judicial Immunity

Plaintiff's claims against Justice Donnino are barred by the doctrine of absolute judicial immunity, which allows claims seeking retroactive relief, including damages, to proceed against judges only for: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11, 112 S.Ct. 286 (quoting Stump, 435 U.S. at 356, 98 S. Ct. 1099).

Since, *inter alia*: (1) all of plaintiff's claims against Justice Donnino relate to actions taken in his judicial capacity and (2) plaintiff does not allege that Justice Donnino acted without jurisdiction, the complaint is dismissed in its entirety as against Justice Donnino pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)(b).

D. Leave to Amend

Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "amend[ment] should generally be denied in instances of futility, undue delay,

6

bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Any amendment to plaintiff's complaint would be futile because, *inter alia*, all of the defendants are absolutely immune from plaintiff's claims against them. Accordingly, the complaint is dismissed in its entirety with prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)(b). The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon all parties, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.
s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: August 1, 2012
Central Islip, New York